## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

    **Plaintiff,**

    **v.**                      **CASE NO. 24-3001-JWL**

**TROY SQUIRE, et al.,**

    **Defendants.**

### <u>MEMORANDUM AND ORDER</u>

Plaintiff, John Timothy Price, who is currently detained at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this pro se civil rights case.

Plaintiff names as defendants court security officers with the Douglas County Sheriff's Office. Plaintiff alleges that the defendants are obstructing justice, conspiring to deprive Plaintiff of recourse, and Defendant Squire touches inmates inappropriately when shackling them for court hearings. (Doc. 1, at 2.) Plaintiff alleges that defendants have abrogated Plaintiff's "economical advancements" and have deprived Plaintiff of "fair utilization of avenues for administrative relief by their misconduct and fraudulent conduct throughout the years [he has] been confined here." *Id.* at 4. Plaintiff attaches an inmate request form in which he claimed he was denied a zoom hearing on December 14, 2023. (Doc. 1–1.) The response by staff indicates that in order to accommodate a zoom hearing, they must be contacted by the court conducting the zoom hearing. *Id.*

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that

it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1]  Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.  *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  "Vague and utterly conclusory assertions are insufficient."  *Id*.  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice."  *Id*. (citations omitted).  The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).

The Court has examined the Complaint and attachment and finds no showing of imminent danger of serious physical injury.  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g).  *See Price v. Dixon,* Case No. 21-cv-3283-SAC, Doc. 11 (D. Kan. March 17, 2022); *Price v. Kagay*, Case No. 22-cv-3003-SAC, Doc. 10 (D. Kan. March 17, 2022); *Price v. Blount County*, Case No. 22-cv-3059-SAC, Doc. 9 (D. Kan. April 21, 2022).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 5, 2024,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated January 5, 2024, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**